UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAURICE McCURDY,<br>                    Plaintiff,<br>  v.<br>S. JOHNSON,<br>                    Defendant. | Case No. 2:08-cv-01767-MMD-PAL<br><br>ORDER<br><br>(Plf.'s Motion for Default Judgment – dkt. no. 36) |

**I.    SUMMARY**

Before the Court is Plaintiff Laurice McCurdy's Motion for Default Judgment. (Dkt. no. 36.) Defendant S. Johnson has not responded.[1]

**II.    BACKGROUND**

Plaintiff Laurice McCurdy, formerly a federal pre-trial detainee at the North Las Vegas Detention Center, filed this lawsuit alleging that on April 14, 2007, Defendant Officer S. Johnson entered his cell and verbally accosted him, used racial slurs, shocked him repeatedly with a TASER gun, and beat him. McCurdy alleges that he began to have a seizure, suffered a concussion, and was placed in a restraining chair for several hours without receiving medical treatment. He further alleges that the beating aggravated his already-existing forearm fracture, permanently disabling his right forearm and hand.

McCurdy filed his complaint alongside his Application to Proceed In Forma Pauperis on December 15, 2008. (Dkt. no. 1.) This Court granted his motion on

---

[1] Defendant's full name does not appear in the record. Plaintiff identifies Defendant only by Defendant's last name and badge number. In the summons return, the Deputy United States Marshall who served process identified the Defendant as "S. Johnson." (Dkt. no. 30.)

1  February 3, 2009.  (Dkt. no. 3.)  He claims violations of his Eighth Amendment rights,
2  alleging cruel and unusual punishment, excessive force, abuse of authority, and failure
3  to provide adequate medical services.  The Clerk of the Court thereafter attempted to
4  serve Johnson.  After initially being unable to locate Johnson, the Clerk issued a
5  subpoena to the Custodian of Records at the North Las Vegas Detention Center
6  directing the custodian to provide the last known address and telephone number of
7  Johnson.  (Dkt. no. 28.)  After a return of the subpoena, the United States Marshall
8  served "S. Johnson" with process on September 21, 2011.

9  After failing to respond, the Clerk of the Court entered default as to Johnson on
10 April 27, 2012.  McCurdy filed this Motion for Default Judgment on June 12, 2012.

11 **III.   DISCUSSION**

12 Ordinarily, a plaintiff may seek default judgment after an entry of default against a
13 defendant, and a court must decide on whether to grant default judgment after analyzing
14 the factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  This
15 is not, however, an ordinary civil case.  Because McCurdy is a prisoner filing a suit under
16 42 U.S.C. § 1983, there are exceptions to the default judgment provisions, as outlined in
17 the Prison Reform Litigation Act ("PRLA"), 42 U.S.C. § 1997e(g).  *See Jones v. Bock*,
18 549 U.S. 199, 213-214 (2007) ("unlike in the typical civil case, defendants do not have to
19 respond to a complaint covered by the PLRA until required to do so by the court, and
20 waiving the right to reply does not constitute an admission of the allegations in the
21 complaint.").  Among other provisions, the PRLA provides that

> [a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. *No relief shall be granted to the plaintiff unless a reply has been filed*.

26 42 U.S.C. § 1997e(g)(1) (emphasis added).  These "unusual provisions" of § 1997e(g)(1)
27 suggest that a default judgment may not be obtained by an inmate without a court order
28 demanding that the defendant(s) respond.  *See White v. City of San Francisco*,

2

No. 08-4603, 2010 WL 519832, at *2 (N.D. Cal. Feb. 9, 2010); *see also Lafountain v. Martin*, No. 07-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) ("Under the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply.") (collecting cases so construing § 1997e(g)(1)). The court order requiring a reply to the complaint must be made pursuant to 42 U.S.C. § 1997e(g)(2), which allows a court to "require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." There has been no such court order in this case, so McCurdy is foreclosed from seeking default judgment at this stage.

However, given the severity of McCurdy's allegations, this Court will require Johnson to respond pursuant to 42 U.S.C. § 1997e(g)(2). The Court cannot preclude McCurdy from proceeding with this litigation, notwithstanding the sparse record that exists in this case. Taking the facts alleged by McCurdy as true as the Court must at this stage of the proceedings, he has alleged sufficient facts to state an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (describing "unnecessary and wanton infliction of pain" standard for Eighth Amendment excessive force claim); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (describing Eighth Amendment "deliberate indifference" standard for failure to attend to medical needs of inmate); (*see also* dkt. no. 12 (screening order finding that McCurdy stated Eighth Amendment claims)). He alleged that Johnson entered his cell without any basis, even though McCurdy told Johnson that McCurdy had no intention of creating a problem. He alleged that the physical altercation came without provocation, and that he did not initiate or defend against the beating. These allegations sufficiently state a claim of at least excessive force. As a *pro se* plaintiff whose claims relate to an incident that occurred over four years ago, it would be unduly prejudicial to McCurdy were the Court not to require Johnson to respond after having been served over ten (10) months ago.

///

McCurdy must also file documentation demonstrating that he has exhausted his administrative remedies before bringing this suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.") (citation and internal quotation marks omitted). McCurdy did not allege that he pursued a remedy through the prison grievance system, or any other applicable remedial scheme afforded to inmates like himself. Without such an allegation, he is precluded from judgment against Johnson.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (dkt. no. 36) is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve Defendant S. Johnson and the North Las Vegas City Attorney's Office with the Complaint, Summons, Plaintiff's Motion for Default Judgment (dkt. no. 36), and this Order.

IT IS FURTHER ORDERED that Defendant S. Johnson shall have thirty (30) days from the date of service to reply to Plaintiff's Complaint.

IT IS FURTHER ORDERED that Plaintiff McCurdy shall file within (45) days from the entry of this Order documentation demonstrating that he has exhausted administrative remedies.

IT IS SO ORDERED.

DATED THIS 1st day of August 2012.

_____
UNITED STATES DISTRICT JUDGE