1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   LAURICE MCCURDY,                          )        Case No. 2:08-cv-01767-JAD-PAL
                                             )
8                        Plaintiff,          )        **ORDER**
                                             )
9   vs.                                      )        (Mtn to Compel - Dkt. #75)
                                             )
10  NORTH LAS VEGAS OFFICER JOHNSON,         )
                                             )
11                       Defendant.          )
    _____ )

12

13          This matter is before the court on Plaintiff Laurice McCurdy's Motion to Compel Discovery

14  (Dkt. #75) filed July 3, 2013.  The court has considered the Motion, Defendant Stuart Johnson's

15  Response (Dkt. #76) filed July 22, 2013, and Plaintiff's Reply (Dkt. #77) filed August 5, 2013.

16                                      **BACKGROUND**

17          Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff, a former federal

18  pre-trial detainee at the North Las Vegas Detention Center ("NLVDC"), alleges that on April 14, 2007,

19  Defendant entered Plaintiff's cell and verbally accosted Plaintiff, using racial slurs, shocked Plaintiff

20  repeatedly with a TASER gun, and beat him.  Plaintiff alleges he had a seizure and suffered a

21  concussion.  He asserts that Defendant placed him in a restraining chair for several hours following the

22  incident, without allowing him medical attention.  Finally, he contends the beating aggravated a pre-

23  existing forearm fracture, causing permanent disability in his right forearm and hand.

24          This case has a long and convoluted procedural history.  On July 19, 2009, the court entered an

25  Order (Dkt. #12) screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.  The court directed

26  service on the Attorney General for the State of Nevada, and on July 30, 2009, the Attorney General

27  filed a Notice of Non-Acceptance of Service (Dkt. #15), asserting the Complaint did not contain

28  allegations against the State of Nevada or any employee of the State of Nevada.  Additionally, the

1   Attorney General noted that Defendant was employed by the North Las Vegas Detention Center

2   ("NLVDC"). *Id.* On November 10, 2009, the court entered an Order (Dkt. #18) directing the Clerk of

3   Court to issue summons and outlining the procedures for Plaintiff to follow to ensure service.

4         On October 5, 2009, the summons issued to Defendant was returned unexecuted because,

5   according to NLVDC, at the time service was attempted by the U.S. Marshal's Service ("USMS"),

6   Defendant was not employed at NLVDC.  Plaintiff disputed this representation. *See* Notice (Dkt. #15).

7   Accordingly, the court directed the Clerk to issue a subpoena to NLVDC, to be served by the USMS,

8   directing NLVDC to provide Defendant's last known address and telephone number. *See* Order (Dkt.

9   #28).  The USMS complied, and the subpoena was returned executed. *See* Dkt. ##29.  The USMS then

10  served Defendant with process on October 5, 2011. *See* USM Returned Executed (Dkt. #30).

11        As a result of Defendant's failure to file a responsive pleading, the Clerk of Court entered

12  default against him on April 27, 2012. *See* Clerk' Entry of Default (Dkt. #34).  On August 1, 2012, the

13  district judge entered an Order (Dkt. #38) denying Plaintiff's Motion for Default (Dkt. #36) and

14  directing the Clerk re-serve Defendant due to the PLRA's restriction against default judgment in

15  prisoner civil rights cases. *See* Order (Dkt. #38) at 2:12-3:10.  The court directed Defendant to file a

16  responsive pleading no later than September 1, 2012. *Id.* at 4:19-20.  Defendant did not.  On December

17  11, 2012, the district judge entered an Order to Show Cause (Dkt. #46) directing Defendant to show

18  cause no later than January 10, 2013, why default judgment should not be entered against him for his

19  failure to respond to the Complaint.  On January 17, 2013, the district judge entered another Order (Dkt.

20  #47) directing the Clerk to issue another subpoena to NLVDC to provide the USMS with Defendant's

21  last known address and directing the USMS to file the information under seal.  The USMS complied.

22   *See* Subpoena Returned Executed (Dkt. #49).

23        Plaintiff filed another Motion for Default (Dkt. #54), asserting Defendant failed to respond to

24  the district judge's Order to Show Cause.  Defendant filed a Response (Dkt. #55), requesting an

25  additional thirty days to file a responsive pleading.  On February 27, 2013, the court denied Plaintiff's

26  Motion and directed Defendant once again to file a responsive pleading within thirty days. *See* Order

27  (Dkt. #56).  Defendant finally filed an Answer (Dkt. #59) on March 21, 2013.  The court entered a

28  Scheduling Order (Dkt. #69) on April 23, 2013.  Discovery in this case closed on July 22, 2013.

1   Dispositive motions are due August 22, 2013.  On August 8, 2013, this case was reassigned from

2   District Judge Miranda Du to District Judge Jennifer Dorsey.  *See* Minute Order (Dkt. #78).

3                                                  **DISCUSSION**

4          Plaintiff's Motion seeks an order compelling Defendant to produce certain documents.  On

5   April 3, 2013, Plaintiff propounded Interrogatories and Requests for Production of Documents on

6   Defendant.  Defendant responded to Plaintiff's written discovery requests on May 3, 2013, but objected

7   to many of the requests for production of documents on the grounds that the documents were not in

8   Defendant's custody, possession, or control, but instead are in the possession, custody, or control of

9   NLVDC and/or the City of North Las Vegas.  The requests for production in dispute are as follows:

10         (a)     RPD No. 1–Defendant's job description, post orders, or other document policy;

11         (b)     RPD No. 3–NLVDC's policy, procedure, post order, or other document describing

12                 procedures a staff member must follow when entering an inmate's cell that were in effect

13                 in April 2007;

14         (c)     RPD No. 5–Any other incident report prepared by another NLVDC employee regarding

15                 the April 14, 2007, incident;

16         (d)     RPD No. 7–Policies, procedures, post orders, or other documents relating to cell

17                 extractions specific to the Male Close Custody unit of NLVDC;

18         (e)     RPD No. 9–Policies, procedures, post orders, or other documents relating to the use of

19                 tasers at NLVDC;

20         (f)     RPD No. 16–Documents concerning policies and procedures used to medically examine

21                 inmate following the use of a taser;

22         (g)     RPD No. 17–Medical charts, reports, or other documents related to Plaintiff's medical

23                 examination on April 14, 2007, after a taser was used on his person;

24         (h)     RPD No. 19–Policies, procedures, post orders in effect on April 14, 2007, that gives an

25                 employee of NLVDC the authority to place an inmate in a restraint chair; and

26         (i)     RPD No. 20–Video of the incident that occurred on April 14, 2007.

27         Plaintiff disputes Defendant's contention that he cannot produce the documents because

28   Defendant is a former employee of NLVDC and he produced a copy of an incident report he prepared

1  regarding the April 14, 2007, incident.  Additionally, Plaintiff asserts that Defendant was sued in his

2  official capacity, and therefore, he constructively possesses documents in the possession of NLVDC

3  and the City of North Las Vegas.  Additionally, Plaintiff requests the court allow him to propound an

4  additional twenty-five interrogatories on Defendant because Plaintiff cannot afford to hire a

5  stenographer to depose Defendant.

6  　　　Defendant opposes the Motion, asserting that he is no longer employed by NLVDC and/or the

7  City of North Las Vegas, and he is not in possession, custody, or control of the documents Plaintiff has

8  requested.  He admits he has copies of multiple investigative reports concerning the incident with

9  Plaintiff, but he has no access to the documents concerning the City of North Las Vegas'/NLVDC's

10  policies and procedures.  Counsel for Defendant argues Plaintiff should obtain these documents by

11  subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Defendant does not oppose

12  Plaintiff's request to propound additional interrogatories, provided the court allow Defendant to

13  propound them on Plaintiff as well.

14  　　　Rule 34 of the Federal Rules of Civil Procedure provides that a party on whom a request for

15  production of documents is propounded must be in possession, custody, or control of the requested

16  item.  Fed. R. Civ. P. 34(a)(1); *see also Estate of Young v. Holmes,* 134 F.R.D. 291, 293 (D. Nev.

17  1991).  A party is deemed to have control over documents if he or she has a legal right to obtain them.

18  *See Bryant v. Armstrong*, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (citing *Clark v. Vega Wholesale, Inc.,*

19  181 F.R.D. 470, 472 (D. Nev. 1998)).  Some courts have assumed a party has control of documents in

20  possession of another and have ordered the party to produce relevant documents, depending on the

21  nature of the party's relationship with the other.  *See Bryant*, 285 F.R.D. at 607(citing *Zackery v.*

22  *Stockton Police Dept.*, 2007 WL 1655634 at *3-4 (E.D. Cal. 2007).  In *Zackery,* for example, the court

23  directed counsel for defendant police officers to obtain and produce records in the possession of their

24  current employer, the Stockton Police Department.

25  　　　However, records in the possession of a *former* employer are further removed from the control

26  of that former employee.  *Id.* (citing *Lowe v. District of Columbia*, 250 F.R.D. 36, 38 (D.D.C. 2008)

27  ("former employees for government agencies do not have possession, custody, or control of documents

28  held by their former employers")); *see also Lopez v. Chertoff,* 2009 WL 1575214 at *2 (E.D. Cal. June

1    2, 2009) (former employee of police department did not have possession, custody, or control over

2    former employer's documents or ability to legally demand them).  The burden of establishing control

3    over documents sought is on the party seeking production.  *Bryant,* 285 F.R.D. at 607 (citing *United*

4    *States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir. 1989)).  Plaintiff

5    has not shown Defendant has possession, custody, or control over the documents he seeks.  Although

6    Plaintiff's Complaint attempted to sue Defendant in his official capacity, the court did not find Plaintiff

7    had stated an official capacity claim against Defendant.  The Screening Order found Plaintiff had stated

8    a claim against Defendant only in his individual capacity.  Therefore, Plaintiff's argument that this

9    lawsuit is essentially a suit against the City of North Las Vegas is without merit.  Defendant cannot be

10   compelled to produce documents from an agency that previously employed him when the records are

11   not in his possession, custody, or control.

12          Plaintiff also requests permission to propound additional interrogatories to Defendant, asserting

13   he does not have the ability to hire a stenographer to depose Defendant.  Defendant does not object to

14   that request if the court also allows him to propound additional interrogatories on Plaintiff.

15          Having reviewed and considered the matter,

16          **IT IS ORDERED** that Plaintiff's Motion to Compel (Dkt. #75) is GRANTED in part and

17   DENIED in part as follows:

18          1.     Plaintiff's request to propound an additional twenty-five interrogatories is GRANTED.

19                 Plaintiff and Defendant shall each have until **September 16, 2013**, to serve up to twenty-

20                 five interrogatories on the opposing party.

21          2.     Plaintiff shall also have until **September 16, 2013**, to serve a subpoena duces tecum on

22                 the City of North Las Vegas, through its counsel of record, Sandra Douglass Morgan, at

23                 the following address:

24                 Sandra Douglass Morgan
                   City of North Las Vegas
25                 2250 Las Vegas Blvd., N., Suite 810
                   Las Vegas, NV 89030
26
            3.     The Clerk of Court shall issue a subpoena duces tecum and send it to the Plaintiff who
27
                   shall describe the documents he is requesting and serve it on counsel for the City of Las
28

1       Vegas as directed in the preceding paragraph.

2    3.    Motions for summary judgment shall comply with the requirements of LR 56-1 and shall

3        be filed and served no later than **October 29, 2013.**  Any motion filed beyond this

4        deadline shall be stricken, unless the court grants an exception for good cause shown.

5    4.    Pursuant to LR 16-3(a), the Clerk of Court shall issue a Pretrial Notice Order five days

6        past the date for filing motions for summary judgment or all motions for summary

7        judgment are denied, whichever is later.

8    5.    The Motion is DENIED in all other respects.

9    Dated this 23rd day of August, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

6