UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAURICE MCCURDY, | ) | Case No. 2:08-cv-01767-JAD-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | (Mtn for Information - Dkt. #95) |
| | ) | |
| NORTH LAS VEGAS OFFICER JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Laurice McCurdy's Motion Requesting Information Regarding Third Party Subpoenas (Dkt. #95). The court has considered the Motion. No response to the Motion was filed, and the time for filing one has now run.

## BACKGROUND

Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff is a former federal pre-trial detainee at the North Las Vegas Detention Center ("NLVDC"). He alleges that on April 14, 2007, Defendant entered his cell and verbally accosted him, using racial slurs. Plaintiff also alleges Defendant shocked him repeatedly with a TASER gun and beat him. Plaintiff alleges he had a seizure and suffered a concussion. He asserts that Defendant placed him in a restraining chair for several hours following the incident, without allowing him medical attention. Finally, he contends the beating aggravated a pre-existing forearm fracture, causing permanent disability in his right forearm and hand.

This case has a long and convoluted procedural history. On July 19, 2009, the court entered an Order (Dkt. #12) screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The court directed service on the Attorney General for the State of Nevada, and on July 30, 2009, the Attorney General filed a Notice of Non-Acceptance of Service (Dkt. #15), asserting the Complaint did not contain allegations against the State of Nevada or any employee of the State of Nevada. Additionally, the

Attorney General noted that Defendant was employed by the North Las Vegas Detention Center ("NLVDC").  *Id.*  On November 10, 2009, the court entered an Order (Dkt. #18) directing the Clerk of Court to issue summons and outlining the procedures for Plaintiff to follow to ensure service.

On October 5, 2009, the summons issued to Defendant was returned unexecuted because, according to NLVDC, at the time service was attempted by the U.S. Marshal's Service ("USMS"), Defendant was not employed at NLVDC.  Plaintiff disputed this representation.  *See* Notice (Dkt. #15).  Accordingly, the court directed the Clerk to issue a subpoena to NLVDC, to be served by the USMS, directing NLVDC to provide Defendant's last known address and telephone number.  *See* Order (Dkt. #28).  The USMS complied, and the subpoena was returned executed.  *See* Dkt. ##29.  The USMS then served Defendant with process on October 5, 2011.  *See* USM Returned Executed (Dkt. #30).

As a result of Defendant's failure to file a responsive pleading, the Clerk of Court entered default against him on April 27, 2012.  *See* Clerk' Entry of Default (Dkt. #34).  On August 1, 2012, the district judge entered an Order (Dkt. #38) denying Plaintiff's Motion for Default (Dkt. #36) and directing the Clerk re-serve Defendant due to the PLRA's restriction against default judgment in prisoner civil rights cases.  *See* Order (Dkt. #38) at 2:12-3:10.  The court directed Defendant to file a responsive pleading no later than September 1, 2012.  *Id.* at 4:19-20.  Defendant did not.  On December 11, 2012, the district judge entered an Order to Show Cause (Dkt. #46) directing Defendant to show cause no later than January 10, 2013, why default judgment should not be entered against him for his failure to respond to the Complaint.  On January 17, 2013, the district judge entered another Order (Dkt. #47) directing the Clerk to issue another subpoena to NLVDC to provide the USMS with Defendant's last known address and directing the USMS to file the information under seal.  The USMS complied.  *See* Subpoena Returned Executed (Dkt. #49).

Plaintiff filed another Motion for Default (Dkt. #54), asserting Defendant failed to respond to the district judge's Order to Show Cause.  Defendant filed a Response (Dkt. #55), requesting an additional thirty days to file a responsive pleading.  On February 27, 2013, the court denied Plaintiff's Motion and directed Defendant once again to file a responsive pleading within thirty days.  *See* Order (Dkt. #56).  Defendant finally filed an Answer (Dkt. #59) on March 21, 2013.  The court entered a Scheduling Order (Dkt. #69) on April 23, 2013.  Discovery in this case closed on July 22, 2013.

1  Dispositive motions are due August 22, 2013.  On August 8, 2013, this case was reassigned from
2  District Judge Miranda Du to District Judge Jennifer Dorsey.  *See* Minute Order (Dkt. #78).
3        On August 23, 2013, the court entered an Order (Dkt. #84) granting in part and denying in part
4  Plaintiff's Motion to Compel (Dkt. #75).  That Order found that Defendant could not be compelled to
5  produce documents from an agency that previously employed him when the documents were not in
6  Defendant's possession, custody, or control.  The court, therefore, directed the Clerk of the Court to
7  issue a subpoena duces tecum to the City of North Las Vegas and allowed Plaintiff to serve the
8  subpoena on the City of North Las Vegas' counsel of record, Ms. Sandra Douglass Morgan.

## DISCUSSION

10        Plaintiff asserts that on September 9, 2013, he executed subpoenas duces tecum and returned
11  them to the court.  Plaintiff asserts the U.S. Marshal's Service should have served the subpoenas, but
12  asserts he has not received notice whether or not they were ever served.  Plaintiff is mistaken.  The
13  court's Order (Dkt. #84) allowed *Plaintiff* to serve the subpoenas duces tecum and provided the address
14  at which Plaintiff should have mailed them.  The Order stated, "Plaintiff shall also have until
15  **September 16, 2013,** to serve a subpoena duces tecum on the City of North Las Vegas, through its
16  counsel of record." Order (Dkt. #84) at 5:21-23 (emphasis in original).  Plaintiff did not comply with
17  the court's Order, and the time for serving the subpoena has now expired.  Discovery closed in this case
18  on July 22, 2013, and the parties were given an extension of time to serve additional interrogatories,
19  and Plaintiff was given an extension to serve the subpoena on North Las Vegas' counsel of record until
20  September 16, 2013.  The parties were then given another extension of time to serve additional
21  interrogatories through November 18, 2013.  *See* Order (Dkt. #94).  Summary judgment motions are
22  now pending before the district judge.
23        Accordingly,
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1     **IT IS ORDERED** that Plaintiff's Motion for Information (Dkt. #95) is GRANTED to the
2 extent the court has now informed Plaintiff of what the docket reflects.  The Motion is DENIED in all
3 other respects.
4     Dated this 13th of March, 2014.

                                                    _____
                                                    PEGGY A. LEEN
                                                    UNITED STATES MAGISTRATE JUDGE